UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MOSES TATTEN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1448** |
| **ORLEANS PARISH PRISON SHERIFF GUSMAN** | **SECTION "I"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual Background**

    **A.     Complaint**

The plaintiff, Moses Tatten, Jr. ("Tatten"), is an inmate presently housed in the Louisiana State Penitentiary.[1] Tatten filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Orleans Parish Prison ("OPP") and Sheriff Marlin Gusman seeking damages for the conditions of his confinement while he was housed in OPP.

---

[1]Rec. Doc. No. 8.

Tatten alleges that he has complained numerous times that the serving utensils are not properly cleaned or sterilized. He contends that this is a health hazard. He further alleges that the serving utensils arrive with food particles from the prior meal still on them. They are rinsed off in the showers where the inmates bathe, and they are then used to serve food minutes later.

Tatten seeks to recover $25,000 in damages because of this unsanitary practice and for endangering his health.

**B.     Amended Complaint**

In the amended complaint filed April 24, 2012, Tatten added unidentified "John Doe" defendants who are employed within OPP at "Tent City."[2] He also reiterates his intent to sue Sheriff Gusman who is "named as Sheriff and employer of the John Does, whom worked at the New Orleans Tent City holding facility."[3]

Tatten further alleges that he witnessed the handling of the serving utensils at the Tent City facility within OPP. He states that the utensils were washed in the inmates' shower area. He complained to security personnel about the dirty utensils and nothing was done about the problem. He claims that he filed two grievance complaints about the use of the utensils to serve the food, and nothing was done to prevent the possibility of food contamination as a result of the failure to properly clean and sterilize the utensils.

Tatten also alleges that he utilized the sick call procedure at the prison after he developed stomach problems, which he claims was caused by the use of dirty utensils. He alleges that he was treated for a stomach infection, with which he suffered between August 10, 2010, and March 20,

---

[2]Rec. Doc. No. 15., p.1

[3]*Id*.

2011. He also claims that he was given medication for the condition, which caused other complications with his health and digestive system.

Tatten claims that security personnel knowingly and intentionally used the shower area to wash utensils without proper sterilization to protect inmates from food contamination. He also claims that there are no records to prove that the utensils were transported to another facility for proper cleaning and sterilization.

Tatten further alleges that, when he was transferred to his current facility, all of his sick call records and other related letters were lost, and he has no means of reproducing them.

## II. **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

    **A.   OPP is not a Proper Defendant**

Tatten named OPP as a defendant in this matter. The jail, however, is not subject to suit and the claims against this entity are frivolous and fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Under federal law, a county (or parish) prison facility is not a "person" within the meaning of Federal Rule of Civil Procedure ("Rule") 17. *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, the OPP is not a proper defendant in this case.

Furthermore, a parish jail also lacks the capacity to sue or be sued under Louisiana law. In accordance with Rule17(b), Louisiana law governs whether a defendant can be sued.[4] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24.

Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage & Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts,* 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. App. 3d Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so

---

[4]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b).

holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter" that authorized the Lafayette City Council to institute a law suits on its own motion. *Bowen*, 649 So. 2d at 613.

In this case, state law divides responsibility for parish jails. The parishes are charged with their jails' physical maintenance. *See* La. Rev. Stat. Ann. § 15:702. However, the duty to administer and operate the jails falls on the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:704. The office of sheriff is a constitutional one in Louisiana, existing separately from parish government. La. Const., Art. 5, § 27; *see also Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. App. 2d Cir. 1991) (holding that parish could not be liable for injuries attributed to sheriff). Under the *Roberts* framework, the OPP is not "legally empowered to do" anything independently of the Orleans Parish Sheriff. *Roberts*, 634 So. 2d at 347. The jail is not a separate entity, but merely a shared branch or facility of these two greater entities.

For these reasons, the claims, if any, against the OPP are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

### B. Claims Against Sheriff Marlin Gusman

Tatten also names Sheriff Gusman as a defendant, because of his position as Orleans Parish Sheriff and the employer of the unidentified prison personnel he seeks to hold liable in this case. Even after the amendment, his complaint is devoid of any allegation that the Sheriff was directly and personally involved in or aware of the events or conditions of which he complains.

"Prison conditions constitute cruel and unusual punishment if they involve the 'wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime

warranting imprisonment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103-04 (5th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hutto v. Finney*, 437 U.S. 678, 687 (1978). Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *accord Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Downey v. Denton County*, 119 F.3d 381, 385-86 (5th Cir. 1997). To succeed on a claim of unconstitutional conditions of confinement, this Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303).

A supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). The Sheriff may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Tatten does not allege that Sheriff Gusman was present for, or personally involved in, the alleged concerns he has about the jail. Tatten also has not alleged that he has suffered any injury

as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Tatten names Sheriff Gusman simply because he is the parish sheriff. Thus, Tatten's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e. Furthermore, even if Tatten could state a claim against Sheriff Gusman individually, his claims are still frivolous for the reasons next assigned with respect to the John Doe defendants.

### C. Claims Against John Doe Defendants

Tatten has amended his complaint to name unidentified "John Doe" security personnel at OPP's Tent City, which he is unable to more specifically identify. Under § 1983, a federal cause of action exists against any <u>person</u>, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will*, 491 U.S. at 58. To state a claim under § 1983, a plaintiff must identify <u>both</u> the constitutional violation and the responsible <u>person</u> acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk Country v. Dodson,* 454 U.S. 312 (1981). Tatten has not identified any particular individual employed at Tent City as a person to be held accountable in this instance. Tatten's attempt to amend his complaint does not cure the procedural defects that exist in his case.

Nevertheless, even if he were able to do so, he has not alleged a constitutional violation or more than a *de minimis* physical injury to state a claim under § 1983 for the following reasons. Under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered

while in custody without a prior showing of physical injury." The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury)); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir.1999).

In this case, Tatten alleges that he suffered non-specific stomach discomfort which he attributes to the cleanliness of the food service utensils. The federal courts, however, have found that temporary general stomach discomfort, including nausea and vomiting, without more are *de minimis*. *Alexander*, 351 F.3d at 631; *Bryant v. Lafourche Parish Det. Ctr.*, No. 09-7345, 2010 WL 1978789, at *5 (E.D. La. Apr. 23, 2010), *adopted at* 2010 WL 1980207, at *1 (E.D. La. May 14, 2000) (Lemelle, J.); *Watkins v. Trinity Serv. Group, Inc.*, No. 05cv1142, 2006 WL 3408176, at *4 (M.D. Fla. Nov. 27, 2006) (prisoner's alleged physical injuries, diarrhea, vomiting, cramps, nausea, and headaches, from eating spoiled food were *de minimis*).

Without more than a *de minimis* physical injury, Tatten's claims can be dismissed with prejudice as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Tatten's §1983 claims against the defendants, the Orleans Parish Prison, Sheriff Marlin Gusman, and the unidentified John Doe defendants, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 22nd day of May, 2012.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.